**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISON

| | |
|---|---|
| JOLONDA L. BARNETT-WEST,<br><br>Plaintiff,<br><br>v.<br><br>WHEELS FINANCIAL GROUP, LLC d/b/a LOANMART,<br><br>Defendant. | Case No. 5:19-cv-00371<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES**, JOLONDA L. BARNETT-WEST ("Plaintiff"), through her counsel, WAJDA LAW GROUP, APC, complaining as to the conduct of WHEELS FINANCIAL GROUP, LLC d/b/a LOANMART ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

3. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, Plaintiff resides in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a financial services company. Defendant's principle office is located at 15400 Sherman Way, Suite 170, Van Nuys, California 91406.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the conduct giving rise to this claim, Plaintiff obtained a title loan in the amount $2,600.00 ("subject debt") from Defendant.

8. Plaintiff was making timely payments on the subject debt until she could no longer afford paying the subject debt, resulting in default.

9. In November 2018, Plaintiff made her last payment on the subject debt.

10. In or around December 2018, Plaintiff began receiving pre-recorded calls and text messages to her cellular telephone number (916) XXX-3756 from Defendant. Defendant also sent Plaintiff emails. Defendant used such communication in order to collect on the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone ending in 3756.

12. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone

2

from Defendant. Plaintiff was greeted by a pre-recorded message stating, "Please hold for an important message."

13. In December 2018, Plaintiff demanded Defendant to stop calling her and communicated to Defendant that an attorney represents her. Plaintiff gave Defendant her attorney's contact information and again demanded that Defendant's pre-recorded phone calls and text messages cease.

14. Plaintiff's demands that Defendant's per-recorded phone calls and text messages cease fell on deaf ears and Defendant continued its phone harassment campaign.

15. Notwithstanding Plaintiff's requests that Defendant's automated pre-recorded calls and text messages cease, Defendant placed or caused to be placed numerous harassing pre-recorded calls and text messages to Plaintiff's cellular telephone between December 2018 and present day.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" followed by a pre-recorded message.

17. Specifically, there would be an approximate 2-second pause between the time Plaintiff said "hello," and the time that the pre-recorded message would play.

18. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's live phone calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often used to contact Plaintiff was (619) 325-1049, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular telephone.

3

**DAMAGES**

21. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unconscionable conduct.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using pre-recorded voice technology without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. Based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff answered, Defendant placed these aforementioned calls to Plaintiff using prerecorded voice technology.

27. Defendant violated the TCPA by placing frequent unsolicited automated pre-recorded phone calls to Plaintiff's cellular telephone from December 2018 through the present day, using an

4

automated telephone dialing system (ATDS") without her prior express or written consent.

28. Any prior consent, if any, was revoked by Plaintiff's numerous revocations and by Plaintiff telling Defendant that she is represented by an attorney.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular telephone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has prior express or written consent to contact consumers.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JOLONDA L. BARNETT-WEST respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);
    c. Enjoining Defendant from contacting Plaintiff; and
    d. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violation of Cal. Civ. Code § 1788.11(d)

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

40. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands was done with the purpose of annoying Plaintiff into paying the subject debt.

41. Moreover, Defendant was told clearly to stop calling Plaintiff's cellular telephone and that she is represented by an attorney.

42. Defendant disregarded these requests, and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

### b. Violations of RFDCPA § 1788.11(e)

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

44. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demands was unreasonable and harassing. The repeated contacts were

6

made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing her.

45. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff JOLONDA L. BARNETT-WEST respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
   c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
   d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
   e. Award any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: February 22, 2019

Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com